# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHANTEL JOHNSON | * | |
| | * | |
| v. | * | Civil Action No. CCB-18-1142 |
| PINDA MARIE McKOY, et al. | * | |
| | * | |

***

## MEMORANDUM

On April 20, 2018, Chantel Johnson filed a complaint against Pinda Marie McKoy, Achike Christopher Oranye, Dale Meyers, Steven Taylor, Jonathan Schoemann, and the Baltimore City Housing Authority. ECF No. 1. She also filed a motion to proceed in forma pauperis. ECF No. 2. Ms. Johnson indicates that the complaint involves a U.S. Government defendant and also invokes this court's diversity jurisdiction. *See* Compl. at 4; Civil Cover Sheet, ECF No. 1-1. For the reasons stated below, the motion to proceed in forma pauperis will be granted and the complaint will be dismissed.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93-94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless,

liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-31 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented to them."). In making this determination, "[t]he district court need not look beyond the complaint's allegations." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 559 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Diversity of citizenship jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the

time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir.1989). "Courts have consistently interpreted § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Here, the plaintiff resides in Maryland. Only one of the defendants named is alleged to be a citizen of a different state. Compl. at 2-3. The remaining defendants are residents of Maryland, defeating the possibility of diversity jurisdiction. *Id.* Additionally, there are no U.S. Government defendants identified. *Id.*

The substance of the complaint does not provide any other basis for jurisdiction over the claims asserted. Rather, the allegations are speculative at best, and seem to connect unrelated events to impugn the actions of two defendants, while asserting no specific claims against the remaining defendants. Plaintiff alleges that defendant Oranye and McKoy shared her confidential medical information with others without her authorization and points to a series of subsequent events involving store clerks, a child custody case filed by the father of her children, strangers she encounters on public transportation, medical care providers, and others as "proof" that this unspecified information was improperly disseminated. *See generally* Compl. at 7-16. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts

3

consistent with the allegations in the complaint. *Id.* at 563. This complaint does not adequately state a federal claim.

Even affording this complaint a generous construction, the nature of any federal claims that might exist and the jurisdictional basis for the complaint cannot be discerned. The complaint does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation marks omitted).

The complaint will be dismissed by separate order which follows.

5/11/18
Date

Catherine C. Blake
United States District Judge